**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 12-cv-03118-BNB

RON GATEWOOD,

    Plaintiff,

v.

VETERANS AFFAIRS,
PSL/et-all,
VETERAN AFFAIRS,
VA HOSPITAL ENROLLMENT ADM.,
DR. BRIAN REISS,
DEPT OF LABOR AND EMPLMENT [sic],
DR. ROBERT KAWASSAKI,
HOLLY HEALTHCARE SYS.,
CCIA INSURANCE,
PENNICOL INSURANCE,
WORKERS COMP.,
PSL/HOSPITAL,
HOLLY HEALTH OCCP,
KAISER PERMANETE [sic],
DR. COUILLE,
DR. J. TASH BERTON,
DR. LOEFFER,
DR. ED BAKER, and
DR. GRABOWSKI,

    Defendants.

---

**ORDER DIRECTING PLAINTIFF TO FILE
AN AMENDED COMPLAINT**

---

    Plaintiff, Ron Gatewood, currently resides in Denver, Colorado. Plaintiff, acting *pro se*, initiated this action by filing a Complaint. The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*,

935 F.2d at 1110.  For the reasons stated below, Plaintiff will be ordered to file an Amended Complaint.

The Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix pleadings violate the requirements of Rule 8.

Plaintiff's Complaint is unintelligible.  He fails to set forth a short and plain statement of his claims showing that he is entitled to relief and to identify the proper jurisdiction for his claims.  Plaintiff is directed to file an Amended Complaint that complies with the pleading requirements of Rule 8.  It is Plaintiff's responsibility to present his claims in a manageable format that allows the Court and Defendants to

know what claims are being asserted and to be able to respond to those claims.

Plaintiff also must name the proper parties who are responsible for violating rights and assert each defendant's personal participation in the alleged violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

To state a claim in federal court Plaintiff must explain what each defendant did to him; when the defendant did it; how the defendant's action harmed him; and, what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Accordingly, it is

ORDERED that Plaintiff file an Amended Complaint as instructed above, **within thirty days from the date of this Order**. It is

FURTHER ORDERED that Plaintiff shall obtain the proper Court-approved form, along with the applicable instructions, at www.cod.uscourts.gov for use in filing the Amended Complaint. It is

FURTHER ORDERED that if Plaintiff fails to properly amend the Complaint,

**within thirty days from the date of this Order**, the Complaint and action shall be subject to dismissal without further notice.

DATED January 28, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge